KAI-CHING CHA, Bar No. 218738
kcha@littler.com
BLAIR A. COPPLE, Bar No. 313580
bcopple@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California 94104
Telephone:   415.433.1940
Facsimile:   415.399.8490

Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI A. MEDEIROS on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT ULTA SALON, COSMETIC & FRAGRANCE, INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441 and 1446]**<br><br>Complaint Filed:  September 25, 2018<br>Removal Filed:    November 9, 2018<br>Trial Date:           None Set |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL                                      CASE NO. _____

**TO THE CLERK OF THE ABOVE ENTITLED COURT, AND TO PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Defendant" or "Ulta Salon"), hereby removes the above-entitled action from the Superior Court of the State of California, County of Solano, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1332, 1441(a) and (b), and 1446 because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").

## I. INTRODUCTION

1. On September 25, 2018, Plaintiff Sherri A. Medeiros ("Plaintiff"), on behalf of herself and all others similarly situated, filed her original Complaint for Damages in the Superior Court of the State of California, County of Solano, entitled *Sherri A. Medeiros, on behalf of herself and all others similarly situated v. Ulta Salon, Cosmetics & Fragrance, Inc.; and Does 1 through 50, inclusive*, Case No. FCS051572 (the "State Court Action").

2. On November 8, 2018, Defendant answered Plaintiff's Complaint pursuant to Code of Civil Procedure section 431.30 in the Solano County Superior Court.

3. A true and correct copy of the Complaint, along with along with all pleadings and process in this matter that have been filed with the Superior Court of Solano County, to date, are attached hereto as Exhibits A-F to the Declaration of Kai-Ching Cha ("Cha Dec.").

## II. REMOVAL IS TIMELY

4. This Notice of Removal is timely because Ulta Salon is filing the Notice of Removal within 30 days from the date on which the Summons was deemed effectively served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Plaintiff served Ulta Salon by personal service on October 10, 2018, which included copies of the Summons and Complaint. (Cha Dec., Ex. B.) Thus, in accordance with 28 U.S.C. § 1446(b), Ulta Salon's Notice of Removal is timely.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL   1.   CASE NO. _____

## III. REMOVAL JURSIDICTION

### A. The Court Has Original Jurisdiction Over This Action Under CAFA

5. Plaintiff brought the class action on behalf of current and former non-exempt employees in manager positions in California. (Exhibit A, Complaint ("Compl."), ¶¶ 1, 19, 20.)[1] This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there is at least minimal diversity between the parties, the putative class includes more than 100 individuals, and the aggregate amount in controversy for the purported class claims exceeds $5 million. 28 U.S.C. § 1332(d).

### B. There Is Complete Diversity Between At Least One Class Member, Plaintiff, And Ulta Salon

6. To establish jurisdiction under CAFA, there must be at least minimal diversity between the parties. 28 U.S.C. § 1332(d)(2). CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

7. Plaintiff is a citizen of the State of California. Plaintiff is a resident of Solano County, California, and is therefore a citizen of the State of California for diversity purposes. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (place of residence is *prima facie* evidence of domicile for purposes of determining citizenship); *see also Smith v. Simmons*, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "prima facie" case of domicile).

8. For diversity jurisdiction, a corporation "shall be deemed a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. Ulta Salon was, and still is, a corporation organized under the laws of the State of Delaware. (Declaration of Devon Byrne ("Byrne Dec." ¶ 3.) Moreover, Ulta Salon's principal place of business is in Bolingbrook, Illinois. (*Id.*) The United States Supreme Court has established that the "nerve center" test should be used to determine a corporation's "principal place

---

[1] Exhibit A, Complaint ("Compl."), refers to the Declaration of Kai-Ching Cha, Exhibit A. (Cha Dec., Ex. A.)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL    2.    CASE NO. _____

of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). A corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities," including both the executive and administrative functions. *Id*. Ulta Salon maintains its corporate headquarters in Bolingbrook, Illinois. (Byrne Dec. ¶ 3.) Ulta Salon's executives are domiciled at the Company's Bolingbrook, Illinois headquarters, which is where Ulta Salon's centralized administrative functions and operations are based. (*Id*.) Bolingbrook, Illinois is the actual center of direction, control, and coordination for Ulta Salon's operations. (*Id*.) Thus, for diversity purposes, Ulta Salon is a citizen of Delaware and Illinois, not California.

10. Defendants Does 1 through 50 do not destroy diversity of citizenship because defendants sued under fictitious names are "nominal" parties and their citizenship shall be disregarded for the purposes of determining diversity jurisdiction. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

11. As a result, because the named Plaintiff is a citizen of California, and Ulta Salon is a citizen of Delaware and Illinois, the Parties meet the standard for minimal diversity under CAFA. 28 U.S.C. § 1332(d)(2)(A).

**C.   The Proposed Class Contains More Than 100 Members**

12. CAFA provides this Court with jurisdiction over a class action when "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

13. Here, in this action Plaintiff seeks to represent a class consisting of "all current and/or former employees not classified as 'Exempt' or primarily employed in executive, professional, or administrative capacities, who occupied manager positions in Defendant's stores throughout California." (Exhibit A, Compl., ¶ 1.) This putative class includes approximately 1,209

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL    3.    CASE NO. _____

individuals for the relevant class period. (Byrne Dec., ¶ 5, Ex. 1.) Thus, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### D. The Total Amount In Controversy Exceeds $5 Million

#### 1. Applicable Standard

14. The amount in controversy for all claims exceeds $5 million. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Where the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. *See Dart Cherokee Basin Oper. Co. LLC v. Brandon W. Owens*, 135 S. Ct. 547, 551 (2014). All that is required is "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554; *accord Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). No evidence establishing the amount in controversy is required because there is "no antiremoval presumption" in cases invoking CAFA. *Dart Cherokee Basin Oper. Co. LLC*, 135 S. Ct. at 551-54.

15. "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" the jurisdictional minimum. 28 U.S.C. § 1332(d)(6). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *See Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Ibarra*, 775 F. 3d at 1198 n.1 (explaining that even when the court is persuaded the amount in controversy exceeds $5 million, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the damages in controversy).

16. In the Complaint, Plaintiff brings claims for (1) failure to pay overtime wages (2) failure to provide required rest periods; (3) failure to timely pay wages at termination; (4) failure to furnish accurate itemized wage statements; and (5) unfair and unlawful business practices. (Exhibit A, Compl.) Based on these claims, Plaintiff seeks compensatory damages, economic

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL        4.        CASE NO. _____

damages, special damages, rest period compensation, waiting time penalties, statutory and civil penalties, interest, and attorneys' fees. (Exhibit A, Compl., Prayer for Relief, ¶¶ 1-7.)

17. Although Ulta Salon denies that Plaintiff's claims have any merit, and likewise denies that this matter should be certified as a class action, when all claims arising under the California Labor Code are aggregated, the allegations in the Complaint give rise to an amount in controversy that meets this Court's jurisdictional minimum of $5 million under CAFA. 28 U.S.C. § 1332(d)(2).

18. The amount in controversy in this case is comprised of the potential monetary recovery for Plaintiff's five non-equitable causes of action together with her claim for statutory attorney's fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). As set forth below and in the accompanying declarations, Plaintiff's claims unquestionably exceed the $5 million jurisdictional threshold.

**2. Key Statistics and Facts**

19. The class period in this matter is subject to two previous settlement agreements that Ulta Salon executed. First, in *Sarah Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, Case No. CV 12-3224 FMO (AGRx), the Settlement Class precludes California Labor Code claims for failure to provide rest periods, failure to pay overtime, failure to timely pay wages at termination, and failure to provide accurate wage statements for "[all] persons employed in California by Ulta Salon, Cosmetics & Fragrance, Inc. on a nonexempt basis . . . through the date of preliminary Court approval []."(Request for Judicial Notice ("RJN"), Ex. 1 at 2:1-9, 3:25-4:1.) Preliminary approval was granted on December 29, 2016. The Central District of California approved this settlement agreement on July 25, 2017. (RJN, Ex. 1 at 19:2.) Therefore, the class period in this litigation is from December 30, 2016 to the present.

20. Second, in *Jaime Quinby, et al. v. Ulta Salon, Cosmetics & Fragrance, Inc.*, Case No. CV-15-4099 WHO, the Settlement Class precludes California Labor Code claims for failure to provide rest periods, failure to pay overtime, waiting time penalties, and failure to provide

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL          5.          CASE NO. _____

accurate wage statements for "[a]ll current and former General Managers employed by Defendant in its California retail store locations at any time from September 9, 2011 to September 19, 2016." (RJN, Ex. 2 at 4:7-9.)

21. Here, Plaintiff defines the putative class members as:

> All persons who are or were employed by Ulta in nonexempt, hourly positions as managers and/or assistant managers within four (4) years prior to the date this lawsuit is filed ("liability period") until resolution of this lawsuit (collectively referred to as the "Class" and/or Class Members").

(Exhibit A, Compl., ¶ 19.) From December 30, 2016 to September 24, 2018, there were 1,209 current and former non-exempt managers and assistant managers in California and their average hourly rate was $22.66. (Byrne Dec., ¶ 5, Ex. 1.)

22. Associates employed by Ulta Salon as store managers in California currently hold the following positions: General Manager; Prestige Sales Manager; Retail Operations Manager; Retail Sales Manager; Salon Assistant Manager; Salon Assistant Manager Elite; Salon Assistant Manager Master; Salon Manager; Salon Manager Elite; Salon Manager Master; and CoSales Manager. (Byrne Dec. ¶ 4.) From December 30, 2016 to September 24, 2018, Ulta Salon employed 1,209 associates in manager positions, and their average hourly rate of pay was $22.66. (Byrne Dec. ¶ 5.) During this same time period, there were 441 former associates in manager positions. (*Id*.)

23. Ulta Salon requires associates in store manager positions to work full-time, in other words, eight hours a day, and forty hours per workweek. (Byrne Dec. ¶ 6.) Consequently, for purposes of removal calculations, Defendant assumed that associates in manager positions worked on average eight hours per day, five days per week. (*Id*.)

24. From December 30, 2016 through September 24, 2018, associates in manager positions worked an average of 267 days. (Byrne Dec. ¶ 7.)

25. Throughout the putative class period, Ulta Salon's associates were paid on a biweekly basis. (Byrne Dec. ¶ 8.)

### 3. Calculations Of Amount In Controversy Related To Rest Breaks

26. Plaintiff's Second Cause of Action for Failure to Provide Rest Breaks seeks to recover the statutory penalty for missed rest breaks on behalf of the putative class. (Exhibit A,

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL    6.    CASE NO. _____

Compl., ¶¶ 33-36.) Plaintiff alleges that Ulta Salon failed to provide rest periods as required by California Labor Code section 226.7 and IWC Wage Orders to Plaintiff and the putative class members, and that Ulta Salon allegedly did not pay Plaintiff or other putative class members the one hour premium pay for missed rest periods. **(**Exhibit A, Compl., ¶ 14.) The Complaint does not specify the frequency of missed rest periods. (Exhibit A, Compl., ¶ 14.)

27.   IWC Wage Order no. 5-2001, § 12 requires employers to authorize and permit employees to take a 10 minute rest period per four hours worked, or major fraction thereof.

28.   California Labor Code section 226.7(c) provides that employees are entitled to premium payments of one additional hour of pay at each employee's regular rate for each work day that a timely compliant rest break was not provided. Under section 226.7, the most an employee can recover is one hour of missed break pay per workday (i.e. one hour for a missed rest break).

29.   There are 1,209 associates employed in manager positions. (Byrne Dec. ¶ 5.) Managers worked an average of 267 days during the class period (267 days divided by 5 equals 53.4 workweeks). (Byrne Dec. ¶ 8.) The average hourly rate for managers during the class period is $22.66. (Byrne Dec. ¶ 5.) Assuming that managers missed their 10-minute rest period one day per week for each of the 53 workweeks, from December 30, 2016 through September 24, 2018, the estimated rest break premium at issue totals **$1,451,985** (1,209 non-exempt employees x $22.66 x 53 missed rest breaks).

### 4.   Calculations Of Amount In Controversy Related To Waiting Time Penalties

30.   Plaintiff's Third Cause of Action alleges that Plaintiff and the putative class members were not timely paid their wages upon termination. (Exhibit A, Compl., ¶¶ 37-41.) Plaintiff seeks waiting time penalties for each day putative class members did not receive all wages upon termination, not to exceed 30 days of pay in accordance with Labor Code Section 203. (Exhibit A, Compl., ¶¶ 37-41.)

31.   Labor Code Section 203 provides that if an employer fails to pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty at the same rate for up to 30 days. Accordingly, for former associates in store manager positions,

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL         7.         CASE NO. _____

where Ulta Salon requires that they worked 8 hours per day, these employees would be entitled to waiting time penalties of 8 hours per day, multiplied by their final hourly rate of pay, for 30 days. *See Mamika v. Barca,* 68 Cal. App. 4th 487, 493 (1998) (where full time employee seeks penalties under 203, the proper calculation is hourly rate, multiplied by 8 hours per day, for 30 days).

32. From December 30, 2016 to September 24, 2018, there are 441 formerly employed associates in manager positions. (Byrne Dec. ¶ 5.) The average hourly rate for managers during the class period is $22.66. (*Id*.) For managers, who were required to work full time and, therefore, worked 8 hours per day, the amount of waiting time penalties in controversy is **$2,398,334** ($22.66 x 8 hours x 30 days x 441 managers).

**5.   Calculation of Amount In Controversy Related To Labor Code § 226 Claim**

33. Plaintiff's Fourth Cause of Action alleges that Ulta Salon failed to provide accurate itemized wage statements under California Labor Code section 226. (Exhibit A, Compl., ¶ 43.)

34. Under California Labor Code section 226, Plaintiff and the putative class would be entitled to recover $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000. Cal. Lab. Code § 226(e)(1). There were approximately 1,209 putative class members from December 30, 2016 through September 24, 2018, each of whom received an allegedly incorrect itemized wage statement per pay period. (Byrne Dec. ¶ 5.) On average, the 1,209 putative class members worked 267 days. (Byrne Dec. ¶ 7.) Given that Defendant pays associates bi-weekly, the average number of wage statements that putative class members received was 19 wage statements (267 days divided by 14 days per wage statement equals 19 wage statements).

35. Assuming that Ulta Salon failed to provide an accurate wage statement for each of the 19 pay periods at issue, the estimated amount in controversy related to Plaintiff's Fourth Causes of Action is **$2,236,650** (1,209 putative class members x (($50 x the initial pay period is $60,450 ) + ($100 x 18 remaining pay periods is $2,176,200))).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL      8.                                 CASE NO. _____

**6. The Aggregate Amount At Issue Is Well In Excess Of The Jurisdictional Minimum**

36. Based on the above calculations, a conservative estimate of the aggregate amount in controversy is **$6,086,969**,[2] as summarized below:

| Plaintiff's Alleged Claim | Minimum Amount In Controversy |
|---|---|
| Rest Periods | $1,451,985 |
| Waiting Time Penalties | $2,398,334 |
| Penalties for Violation of 226 | $2,236,650 |
| Total Amount in Controversy: | $6,086,969 |

37. In light of the above, there is no question that the evidence shows that Plaintiff's claims exceed the jurisdictional minimum. Accordingly, the "amount in controversy" requirement under CAFA is satisfied in this case. *See* 28 U.S.C. § 1332(d)(2).

## IV. VENUE IS PROPER

38. Venue is proper in the United States District Court for the Eastern District of California because this action was filed in the Superior Court of California for the County of Solano. *See* 28 U.S.C. §§ 84(c)(1) and 1441(a). Venue in this action is also proper because Ulta Salon does business in California, including Solano County, where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. §1391(a); (Exhibit A, Compl., ¶¶ 7, 8.)

39. Counsel for Ulta Salon has signed this Notice of Removal in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

## V. NOTICE TO PLAINTIFF AND STATE COURT

40. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Solano County Superior Court.

---

[2] This amount does not include any awardable attorneys' fees, which can be part of calculating the amount in controversy. *See e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL    9.    CASE NO. _____

WHEREFORE, based on the foregoing, Ulta Salon gives notice that it has removed to this Court the State Court Action now pending in the Superior Court of California, County of Solano, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b), and 1446.

Dated: November 9, 2018

/s/ *Kai-Ching Cha*
KAI-CHING CHA
BLAIR A. COPPLE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE, INC.

FIRMWIDE:159496329.1 059310.1149

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL    10.    CASE NO. _____

**PROOF OF SERVICE BY OVERNIGHT DELIVERY**

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 333 Bush Street, 34th Floor, San Francisco, California 94104. On November 9, 2018, I deposited with FedEx, a true and correct copy of the within documents:

**CIVIL COVER SHEET;**

**DEFENDANT ULTA SALON, COSMETIC & FRAGRANCE, INC.'S NOTICE OF REMOVAL;**

**DECLARATION OF KAI-CHING CHA IN SUPPORT OF DEFENDANT ULTA SALON, COSMETIC & FRAGRANCE, INC.'S NOTICE OF REMOVAL**

**DECLARATION OF DEVON BYRNE IN SUPPORT OF DEFENDANT ULTA SALON, COSMETIC & FRAGRANCE, INC.'S NOTICE OF REMOVAL;**

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT ULTA SALON, COSMETIC & FRAGRANCE, INC.'S NOTICE OF REMOVAL; and**

**DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S DISCLOSURE STATEMENT.**

in a sealed envelope, addressed as follows:

James R. Hawkins        *Attorneys for Plaintiff*
Isandra Fernandez       *Sherri A. Medeiros*
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA  92618

Following ordinary business practices, the envelope was sealed and placed for collection by FedEx on this date, and would, in the ordinary course of business, be retrieved by FedEx for overnight delivery on this date.

I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on November 9, 2018, at San Francisco, California.

BARBARA PALOMO

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

PROOF OF SERVICE
FIRMWIDE:160051314.1 059310.1149

Case No. _____